UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA NEIL HARRELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOLANO COUNTY JAIL, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-01592 AC P<br><br><br>ORDER |

　　　　Plaintiff, an inmate at Solano County Jail proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 7.

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

(1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

### Plaintiff's Multiple Filings

In the original complaint, plaintiff names as defendants Solano County Jail, Solano County Sheriff Thomas A. Ferrara and Aramark. Plaintiff alleges that he is a pretrial detainee who has been denied his constitutional rights as he is not being allowed to communicate with his mother in Belize, Central America, by mail or phone. ECF No. 1.

Thereafter, plaintiff filed an "amendment" to the complaint wherein he identified additional defendants but failed to incorporate prior allegations against previously named defendants or to include any allegations against the new defendants. ECF No. 8. In yet another document, filed subsequently to his "amendment," plaintiff informs the court that he has now been provided the means to write his mother, in the form of extra postage for his international mail. ECF No. 9. He nevertheless wishes to proceed in this matter for the months of delay he has been compelled to endure in his efforts to reach his mother. Id. This filing was followed by another in which plaintiff appears to be setting forth amended allegations with exhibits, without reference to previously named defendants. ECF No. 10. Plaintiff alleges in this most recent filing that his inability to reach his mother (or brother) forestalled his ability to make any potential bail arrangements. Id. Thereafter, plaintiff filed additional exhibits. ECF No. 11.

### Rule 8 and L.R. 220

Plaintiff's numerous filings and piecemeal efforts to amend or supplement his complaint violate both Rule 8 of the Federal Rules of Civil Procedure and Local Rule 220. Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990)). Although the Federal Rules adopt a flexible pleading policy, a complaint must provide fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim." Id. (internal citation/quotation marks

3

1  omitted). "The propriety of dismissal for failure to comply with Rule 8 does not depend on
2  whether the complaint is wholly without merit." McHenry v.Renne, 84 F.3d 1172, 1179 (9th Cir.
3  1996).
4      Further, L.R. 220 does not permit piecemeal amendments. "[E]very pleading to which an
5  amendment or supplement is permitted as a matter of right or has been allowed by court order
6  shall be . . .filed so that it is complete in itself without reference to the prior or superseded
7  pleading." L.R. 220, in pertinent part. Plaintiff's complaint and putative amended complaint will
8  be dismissed with leave to amend.
9      Amendment
10      In amending his complaint, should he choose to do so, plaintiff must set forth the name of
11  each defendant against whom he wishes to proceed and incorporate all of his allegations against
12  each. Further, plaintiff must not rely on the court to cull through his exhibits to formulate his
13  allegations against each defendant for him.
14      Plaintiff must demonstrate how the conditions complained of have resulted in a
15  deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).
16  Also, the amended complaint must allege in specific terms how each named defendant is
17  involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link
18  or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423
19  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d
20  740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation
21  in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
22  Cir. 1982).
23      In addition, plaintiff is informed the court cannot refer to a prior pleading in order to make
24  plaintiff's amended complaint complete. Local Rule 220, as noted above, requires that an
25  amended complaint be complete in itself without reference to any prior pleading. This is because,
26  as a general rule, an amended complaint supersedes the original complaint. See Lacey v.
27  Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012) ) ("the general rule is that an amended
28  complaint super[s]edes the original complaint and renders it without legal effect... .") Once

plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Additional Motions by Plaintiff

Plaintiff has requested that the court issue an order permitting him to attend court hearings in this matter. No hearings are yet scheduled in this matter. In addition, so long as plaintiff remains in custody this case is governed by Local Rule 230(l). That rule states, in relevant part, that "[a]ll motions. . . filed in actions wherein one party is incarcerated and proceeding in propria persona, shall be submitted upon the record without oral argument unless otherwise ordered by the Court" and "need not be noticed on the motion calendar." Should this matter proceed and any court hearing require plaintiff's appearance, the court will order plaintiff's appearance by way of a writ of habeas corpus tesificandum. The motion will be denied as unnecessary.

Plaintiff has also requested appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

At this time, the court is unable to evaluate the likelihood of plaintiff's success on the merits as the complaint and amendments thereto have been dismissed albeit with leave to amend.

At this time, plaintiff's request for appointment of counsel will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

4. Plaintiff's motion for the court to order plaintiff's appearance at court hearings, ECF No. 4, is denied as inapposite and unnecessary; and

5. Plaintiff's request for appointment of counsel, ECF No. 5, is denied.

DATED: October 20, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE