1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOSHUA NEIL HARRELL,                        No.  2:14-cv-01592 AC P

12                 Plaintiff,

13         v.                                      ORDER

14    SOLANO COUNTY JAIL, et al.,

15                 Defendants.

16

17          Plaintiff, a state prisoner who spent time at Solano County Jail as an arrestee and pretrial

18    detainee, is proceeding pro se with a civil rights action filed pursuant to 42 U.S.C. § 1983.  By

19    order dated October 21, 2014, plaintiff's first amended complaint was dismissed with leave to

20    amend.  Plaintiff has now filed a motion for leave to amend, ECF No. 19, and a second amended

21    complaint, ECF No. 20.

22          I.      Motion to Amend

23          The court has reviewed plaintiff's motion and finds that plaintiff seeks leave to file

24    additional exhibits but does not wish to file an amended complaint.  See ECF No. 19 at 1.  As

25    plaintiff has previously been warned, Local Rule 220 does not permit piecemeal amendments.

26    "[E]very pleading to which an amendment or supplement is permitted as a matter of right or has

27    been allowed by court order shall be . . . filed so that it is complete in itself without reference to

28    the prior or superseded pleading."  L.R. 220, in pertinent part.  In light of plaintiff's indigent and

1

pro se status,[1] the court will make an exception and permit plaintiff to attach the additional exhibits to his second amended complaint, despite the piecemeal nature of plaintiff's filings.[2] However, plaintiff is cautioned that the court is under no obligation to accept such piecemeal filings in the future.  Construed as a motion for leave to file additional exhibits, plaintiff's motion is granted.

II.     Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

[1]  In his motion, plaintiff explains that he is indigent and could not afford to make copies of all of his exhibits at one time.  See ECF No. 19 at 1.

[2]  Specifically, the court will allow plaintiff to attach ECF Nos. 22, 23, and 25 as exhibits to plaintiff's second amended complaint, ECF No. 20.

1   566 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility

2   when the plaintiff pleads factual content that allows the court to draw the reasonable inference

3   that the defendant is liable for the misconduct alleged."  Id.

4   In reviewing a complaint under this standard, the court must accept as true the allegations

5   of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

6   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

7   the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

8   III.   Plaintiff's Allegations

9   In his second amended complaint ("SAC"), plaintiff alleges that while he was held at

10  Solano County Jail as "an arrestee, a pretrial detainee, and a sentenced prisoner," his

11  constitutional rights were violated when he was not allowed to contact his family in Belize,

12  Central America by mail or phone.[3]  ECF No. 20 at 3-5.  Specifically, plaintiff alleges that he

13  could not contact his mother to make bail arrangements or hire an attorney because the phone

14  system at the jail did not allow international collect phone calls and the canteen did not sell

15  postage stamps sufficient for international mail.  Id. at 4-5, 7-8

16  Plaintiff further alleges that as a civil pro per litigant, he was not permitted to use the free

17  phone line available to criminal pro per inmates.  Id. at 9.  Because plaintiff was only allowed to

18  use the collect call phone line, he was unable to hire an attorney, recover his trailer home that had

19  been towed,[4] or contact his bank and other entities that did not accept collect phone calls.  He was

20  not permitted to make confidential or privileged phone calls.  Id. at 9-10.  His requests to send

21  outgoing legal mail were denied on 17 occasions.  Even when he was allowed (starting in July

22  2014) to send his mother legal mail twice per week, he still was not permitted to send her

23  ////

24

---

[3]  Plaintiff names as defendants Solano County Jail, Solano County Board of Supervisors, Solano
25  County Sheriff's Office, Solano County Sheriff's Office Detention Facilities, Solano County
     Sheriff Thomas Ferrara, Solano County Jail Commander Rod Marsh, Solano County Program
26  Manager Renee Smith, Solano County Program Officer Collins, Global Tel Link, and Aramark.
     ECF No. 20 at 2.
27  [4]  ECF Nos. 22 and 23 include documents related to the trailer home plaintiff was unable to
28  recover.

1    personal mail.  Plaintiff alleges that these violations took place at Solano County Jail over the past

2    eight years.  Id. at 8.

3           In his "Notice of Supplemental Information," plaintiff informs the court that on April 21,

4    2015, a Solano County Superior Court judge granted him two phone calls to his mother in Belize

5    at the County's expense, yet jail officials refused to allow him to make the calls.  ECF No. 25.

6    Plaintiff filed a grievance, but did not receive a response before he was transferred to Deuel

7    Vocational Institution.[5]  Id. at 1, 9.

8           IV.    Right of Access to the Courts

9           Prison inmates have a constitutionally protected right to access the courts in order to bring

10   challenges to their criminal convictions and to the conditions of their confinement.  Lewis v.

11   Casey, 518 U.S. 343, 354–55 (1996).  "[A]side from their affirmative right to the tools necessary

12   to challenge their sentences or conditions of confinement, prisoners also have a right, protected

13   by the First Amendment right to petition and the Fourteenth Amendment right to substantive due

14   process, 'to pursue legal redress for claims that have a reasonable basis in law or fact .'"  Silva v.

15   Di Vittorio, 658 F.3d 1090, 1102–03 (9th Cir. 2011) (quoting Snyder v. Nolen, 380 F.3d 279 (7th

16   Cir. 2004)).  When a prisoner alleges such interference, he must demonstrate actual injury such as

17   the inability to meet a filing deadline or to present a non-frivolous claim.  Lewis, 518 U.S. at

18   348–49, 352–53 & n. 3; Nevada Dept. of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011)

19   cert. denied, 132 S. Ct. 1823 (2012); Silva, 658 F.3d at 1102–03.  Actual injury is a jurisdictional

20   requirement and may not be waived.  Nevada Dept. of Corr., 648 F.3d at 1018 (citing Lewis, 518

21   U.S. at 349).

22          An "actual injury" is some specific "instance in which an inmate was actually denied

23   access to the courts."  Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).  Only if an actual

24   injury is alleged does a plaintiff state a claim for which relief can be granted.  Id.; see, e.g.,

25   Jenkins v. McMickens, 618 F.Supp. 1472, 1474–75 (S.D.N.Y. 1985) (complaint alleging certain

26   documents pertaining to pending trial confiscated and not returned too conclusory to support

27

28   [5]  Plaintiff is currently incarcerated at Folsom State Prison.  ECF No. 27.

4

1    claim of denial of access to court).  To prove an actual injury, the prisoner must show that the

2    inadequacy in the institution's program hindered his effort to pursue a non-frivolous claim

3    concerning his conviction or conditions of confinement.  See Lewis v. Casey, 518 U.S. at 354–55.

4    An impermissible hindrance might include the dismissal of a prisoner's action for failure to satisfy

5    some technical requirement because of deficiencies in the prison's legal assistance program.  Id. at

6    351.

7         Plaintiff's lawsuit is predicated on his complaints about various alleged deficiencies in

8    phone and mail systems at Solano County Jail.  Specifically, plaintiff claims he was harmed by

9    (1) his inability to contact his mother by phone through the collect-only phone system; (2) his

10   inability to send his mother international mail; (3) his inability to use the free phone for criminal

11   pro per inmates; and (4) the denial of his requests for legal mail, photocopies, and envelopes.

12        At the outset, the court notes that plaintiff does not allege that the above deficiencies

13   interfered with his access to retained or appointed counsel.  Rather, plaintiff alleges that he was

14   unable to find an attorney to handle "other civil matters" because none of the attorneys he called

15   would accept collect phone calls, and although he attempted to contact a number of attorneys by

16   mail, none responded to his letters.  See ECF No. 20 at 9, 10-11, 13.

17        Even assuming that plaintiff's inability to find counsel constitutes interference with

18   "access to counsel," plaintiff's claim must be dismissed because he has not alleged that he

19   suffered an actual injury as a result of the alleged deficiencies in the mail and phone systems.

20   While plaintiff alleges that he was unable to post bail, recover his trailer home after it was towed,

21   or make arrangements to repay a loan to his mother, he has not alleged that his inability to contact

22   his mother or use the free phone line has hindered his effort to pursue a non-frivolous claim

23   concerning his conviction or conditions of confinement.  See Lewis v. Casey, 518 U.S. at 354–55.

24   For example, plaintiff has not alleged that he missed a filing deadline or was unable to present a

25   specific non-frivolous claim as a result of the alleged deprivations.  See id. at 348-49.

26        While plaintiff appears to allege that he was hindered in his efforts to pursue a claim with

27   the County of Solano to recover his trailer, see ECF No. 20 at 12-13, "the actual injury

28   requirement is not satisfied by just any type of frustrated legal claim."  Lewis v. Casey, 518 U.S.

1   at 354–55.  Rather, plaintiff must allege that he was hindered in his efforts to attack his sentence,

2   either directly or collaterally, or to challenge the conditions of his confinement.  Id.  Here,

3   plaintiff's attempts to recover his trailer do not appear to be related to any challenge to plaintiff's

4   conviction or conditions of confinement.  See ECF No. 22 at 5-7.  Accordingly, the difficulties

5   plaintiff encountered regarding his trailer do not constitute an actual injury for purposes of a

6   denial of access to the courts claim.  See Lewis v. Casey, 518 U.S. at 354–55.

7         To the extent plaintiff alleges that he "could not litigate" because he was unable to call his

8   credit card company, his phone insurance company, the Social Security Administration, Child

9   Support Services, a towing company, and AAA Roadside Assistance, see ECF No. 20 at 12-13,

10  none of these allegations involve interference with plaintiff's access to the courts or access to

11  counsel.  Nor are they related to any claims involving plaintiff's conviction or conditions of

12  confinement.

13        Plaintiff's claim is dismissed but plaintiff will be given leave to amend.  If he wishes to

14  plead a claim for denial of access to the courts in his amended complaint, plaintiff must identify

15  an actual injury caused by the deficiencies in the phone and mail systems at Solano County Jail.

16  In addition to identifying the particular case or cases in which he was harmed, plaintiff should

17  explain how he was injured.  For example, if the problem was that plaintiff missed a filing

18  deadline or was prevented from even filing a complaint in the first place, he should explain as

19  much.  With respect to his allegations that he was unable to hire an attorney, it would also be

20  helpful for plaintiff to explain which "civil matters" plaintiff sought representation for.

21        V.      First Amendment

22        Prisoners and pre-trial detainees have a First Amendment right to telephone access.

23  Strandberg v. City of Helena, 791 F.2d 744, 747 (9th Cir. 1986) (citations omitted).  However,

24  this right is "subject to rational limitations in the face of legitimate security interests of the penal

25  institution."  Id. (citations omitted).  If the limitations on access are reasonable, there is no first

26  amendment violation.  Id.  "Automated collect-call-only telephone systems are installed in jails

27  and prisons to avert telephone fraud by inmates, to block access to restricted telephone numbers

28  (such as the telephone numbers of crime victims), and to prevent some inmates from

1    monopolizing the available telephones." Clark v. Plummer, No. C 95-0046 CAL, 1995 WL

2    317015, at *1, 1995 U.S. Dist. LEXIS 7048 (N.D. Cal. May 18, 1995) (citations omitted). In

3    light of these legitimate security interests, the limitations alleged in the complaint appear

4    reasonable and do not infringe on plaintiff's First Amendment rights.

5          Furthermore, to the extent plaintiff asserts that he should be permitted to place free calls to

6    people who are unwilling or unable to accept collect phone calls, there is no authority for the

7    proposition that prisoners are entitled to seek a specific rate for their telephone calls. See Deere

8    v. Brown, No. 11CV1579 WQH JMA, 2012 WL 4740328, at *2, 2012 U.S. Dist. LEXIS 143411

9    (S.D. Cal. Oct. 3, 2012) (citing Johnson v. State of California, 207 F.3d 650, 656 (9th Cir. 2000)).

10   Moreover, plaintiff concedes that the telephone was not the only means of communication

11   available to him; he was permitted to write letters to the various entities described in his

12   complaint (with the exception of his family in Belize), and the fact that he received no response to

13   his letters does not suggest that the limits on telephone access were unreasonable or that his

14   constitutional rights have been violated.

15         Plaintiff further alleges that the lack of postage stamps available at the canteen, operated

16   by defendant Aramark, unfairly limits his ability to send bulk mail or international mail in

17   violation of his First Amendment rights. As a result, he is unable to contact his family in Belize

18   since the canteen offers only prepaid envelopes, which contain insufficient postage for

19   international mail. Plaintiff concedes that the reason postage stamps are not sold at the jail is

20   because stamps can be used as a form of currency. See ECF No. 20 at 4. While plaintiff

21   contends that the justification is unreasonable because anything can be used as a form of

22   currency, the court is unconvinced as postage stamps have their own distinct monetary value.

23   Plaintiff's allegations with respect to the denial of postage stamps do not state a cognizable First

24   Amendment claim.

25        VI.    Due Process

26         Plaintiff alleges that his due process rights were violated when he was "held

27   incommunicado" at the Solano County Jail as a result of his inability to contact his family in

28   Belize by phone or mail. Although he does not cite the case, plaintiff appears to be relying on

1    Carlo v. City of Chino, 105 F.3d 493, 495-96 (9th Cir. 1997), where the Ninth Circuit held that

2    "[w]hile the right to use a telephone may not per se rise to the level of a liberty interest protected

3    by the procedural mandate of the Fourteenth Amendment, the right of an arrestee not to be held

4    incommunicado involves a substantial liberty interest."  Carlo v. City of Chino, 105 F.3d 493,

5    495-96 (9th Cir. 1997).  Carlo is distinguishable from plaintiff's case.  In Carlo, the Ninth Circuit

6    analyzed a California statute providing that an arrestee has the "right to free telephone calls

7    within the local calling area, or at her own expense if outside the local area, to three of the

8    following: an attorney, a bail bondsmen, or a relative or other person."  Id. (citing Cal. Penal

9    Code § 851.5 (1985)).  In finding that the plaintiff's constitutional rights were violated, the court

10   focused on the fact that Carlo was denied the right to make any phone calls at all, in violation of

11   the statute.  See id.  Here, plaintiff was not deprived of all telephone access, but was permitted to

12   make collect-only phone calls.  Moreover, plaintiff does not allege that he was denied the right to

13   make phone calls outside the local calling area *at his own expense*.  Plaintiff's allegations do not

14   state a cognizable claim under the due process clause.

15          In addition, the court finds that to the extent plaintiff alleges that the telephone system at

16   the Solano County Jail interfered with his access to family and friends, plaintiff allegations are

17   not cognizable under the due process clause.  See Wilkins v. Alameda Cnty., No. C 14-2516 LHK

18   (PR), 2014 WL 5035445, at *1 (N.D. Cal. Oct. 7, 2014) (plaintiff's allegations the telephone

19   system at the jail failed to state a cognizable claim under the due process clause, where plaintiff

20   alleged only that the system interfered with his telephone communication with family and friends

21   rather than his access to the courts).

22          VII.    Prison Grievance Procedure

23          Plaintiff alleges that defendants Collins and Smith denied the grievances plaintiff filed

24   regarding his lack of access to the free phone line and the denials of his outgoing personal and

25   legal mail.  ECF No. 20 at 10-11.  To the extent plaintiff seeks to allege a due process violation

26   against defendants Collins and Smith predicated on their alleged mismanagement of plaintiff's

27   administrative appeals, plaintiff is informed that prisoners do not have a "separate constitutional

28   entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th

1    Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Even the non-existence

2    of, or the failure of prison officials to properly implement, an administrative appeals process

3    within the prison system does not raise constitutional concerns.  Mann, 855 F.2d at 640.  See also,

4    Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir.

5    1991).  Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) ("[A prison] grievance procedure

6    is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it

7    does not give rise to a protected liberty interest requiring the procedural protections envisioned by

8    the fourteenth amendment").  State regulations give rise to a liberty interest protected by the Due

9    Process Clause of the federal constitution only if those regulations pertain to "freedom from

10   restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary

11   incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  Accordingly, plaintiff's

12   due process claims against defendants Collins and Smith are dismissed.

13          VIII.   Leave to Amend

14          If plaintiff chooses to amend the complaint, he must demonstrate how the conditions

15   complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625

16   F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named

17   defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

18   affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

19   v. Goode , 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

20   588 F.2d at 743.  Furthermore, vague and conclusory allegations of official participation in civil

21   rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d at 268.

22          In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

23   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

24   complaint be complete in itself without reference to any prior pleading.  This is because, as a

25   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

26   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

27   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

28   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

9

Accordingly, IT IS HEREBY ORDERED that:

1. The second amended complaint (ECF No. 20) is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order; and

2. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: September 30, 2015

_Allison Claire_

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE