1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSHUA NEIL HARRELL,                    No.  2:14-cv-01592 AC P

12              Plaintiff,

13        v.                                 ORDER

14   SOLANO COUNTY JAIL, et al.,

15              Defendants.

16

17        Plaintiff, a state prisoner who spent time at Solano County Jail as an arrestee and pretrial

18   detainee, is proceeding pro se with a civil rights action filed pursuant to 42 U.S.C. § 1983.  By

19   order filed September 30, 2015, plaintiff's second amended complaint was dismissed with leave

20   to amend.  ECF No. 29.  Plaintiff has now filed a third amended complaint, ECF No. 30.

21   Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes

22   pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 7.

23        I.       Screening Requirement

24        The court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

26   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

27   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

28   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7 Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint must contain more than a "formulaic recitation of the elements of a cause of

9 action;" it must contain factual allegations sufficient to "raise a right to relief above the

10 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

11 must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of]

12 a legally cognizable right of action."  Id. (quoting 5 C. Wright & A. Miller, Federal Practice and

13 Procedure § 1216, pp. 235-35 (3d ed. 2004)).  "[A] complaint must contain sufficient factual

14 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

15 566 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility

16 when the plaintiff pleads factual content that allows the court to draw the reasonable inference

17 that the defendant is liable for the misconduct alleged."  Id.

18    In reviewing a complaint under this standard, the court must accept as true the allegations

19 of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976),

20 construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the

21 plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

22    II.    Plaintiff's Allegations

23    In his third amended complaint, plaintiff alleges that while he was held at Solano County

24 Jail[1] as "an arrestee, a pretrial detainee, and a sentenced prisoner," his constitutional rights were

25 violated when he was not allowed to contact his family in Belize, Central America by mail or

26 ////

27

28

---

[1] The California Department of Corrections online inmate locator service shows plaintiff is currently incarcerated at California Men's Colony.

phone.[2]  ECF No. 30 at 5-7; ECF No. 30-1 at 1-3.  Specifically, plaintiff alleges that he could not

contact his family because the phone system at the jail did not allow international phone calls and

the postal system at Solano County Jail did not allow inmates to send international mail.  ECF

No. 30 at 5-6; ECF No. 30-1 at 2.  Because plaintiff was unable to contact his family, he was

unable to make bail arrangements, hire an attorney in his Solano County criminal case, recover

his trailer home that had been towed, and "pursue non-frivolous claims concerning [his]

conviction and/or [his] conditions of confinement."  ECF No. 30 at 6.  Plaintiff further alleges

that a Solano County Superior Court judge granted him two phone calls to his mother in Belize,

yet Solano County Jail Commander Rod Marsh refused to allow him to make the calls, which

prevented him from "making arrangements prior to sentencing."  Id. at 6-7.

III.    Right of Access to the Courts

Plaintiff has a constitutional right of access to the courts, and prison officials may not

actively interfere with his right to litigate.  Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir.

2011), overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th

Cir. 2015)).  The right is limited to bringing complaints to federal court in direct criminal appeals,

habeas petitions, and civil rights actions.  Lewis v. Casey, 518 U.S. 343, 354 (1996).  It is not a

right to discover such claims or to litigate them effectively once filed with a court.  Id. at 354-55.

A plaintiff must show that he suffered an "actual injury," i.e. prejudice with respect to

contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-

frivolous claim.  Id. at 348-49.  An "actual injury" is one that hinders the plaintiff's ability to

pursue a legal claim.  Id. at 351.

In dismissing his second amended complaint with leave to amend, the court informed

plaintiff of the following:

> Plaintiff's lawsuit is predicated on his complaints about
> various alleged deficiencies in phone and mail systems at Solano
> County Jail. Specifically, plaintiff claims he was harmed by (1) his
> inability to contact his mother by phone through the collect-only

---

[2]  Plaintiff names as defendants Solano County Jail, Solano County, Solano County Sheriff's Office, Solano County Sheriff Thomas Ferrara, Solano County Jail Commander Rod Marsh, Global Tel Link, and Aramark.  ECF No. 30 at 4.

phone system; (2) his inability to send his mother international mail; (3) his inability to use the free phone for criminal pro per inmates; and (4) the denial of his requests for legal mail, photocopies, and envelopes.

At the outset, the court notes that plaintiff does not allege that the above deficiencies interfered with his access to retained or appointed counsel. Rather, plaintiff alleges that he was unable to find an attorney to handle "other civil matters" because none of the attorneys he called would accept collect phone calls, and although he attempted to contact a number of attorneys by mail, none responded to his letters. See ECF No. 20 at 9, 10-11, 13.

Even assuming that plaintiff's inability to find counsel constitutes interference with "access to counsel," plaintiff's claim must be dismissed because he has not alleged that he suffered an actual injury as a result of the alleged deficiencies in the mail and phone systems. While plaintiff alleges that he was unable to post bail, recover his trailer home after it was towed, or make arrangements to repay a loan to his mother, he has not alleged that his inability to contact his mother or use the free phone line has hindered his effort to pursue a non-frivolous claim concerning his conviction or conditions of confinement. See Lewis v. Casey, 518 U.S. at 354-55. For example, plaintiff has not alleged that he missed a filing deadline or was unable to present a specific non-frivolous claim as a result of the alleged deprivations. See id. at 348-49.

While plaintiff appears to allege that he was hindered in his efforts to pursue a claim with the County of Solano to recover his trailer, see ECF No. 20 at 12-13, "the actual injury requirement is not satisfied by just any type of frustrated legal claim." Lewis v. Casey, 518 U.S. at 354-55. Rather, plaintiff must allege that he was hindered in his efforts to attack his sentence, either directly or collaterally, or to challenge the conditions of his confinement. Id. Here, plaintiff's attempts to recover his trailer do not appear to be related to any challenge to plaintiff's conviction or conditions of confinement. See ECF No. 22 at 5-7. Accordingly, the difficulties plaintiff encountered regarding his trailer do not constitute an actual injury for purposes of a denial of access to the courts claim. See Lewis v. Casey, 518 U.S. at 354-55.

To the extent plaintiff alleges that he "could not litigate" because he was unable to call his credit card company, his phone insurance company, the Social Security Administration, Child Support Services, a towing company, and AAA Roadside Assistance, see ECF No. 20 at 12-13, none of these allegations involve interference with plaintiff's access to the courts or access to counsel. Nor are they related to any claims involving plaintiff's conviction or conditions of confinement.

Plaintiff's claim is dismissed but plaintiff will be given leave to amend. If he wishes to plead a claim for denial of access to the courts in his amended complaint, plaintiff must identify an actual injury caused by the deficiencies in the phone and mail

systems at Solano County Jail.   In addition to identifying the particular case or cases in which he was harmed, plaintiff should explain how he was injured.  For example, if the problem was that plaintiff missed a filing deadline or was prevented from even filing a complaint in the first place, he should explain as much.   With respect to his allegations that he was unable to hire an attorney, it would also be helpful for plaintiff to explain which "civil matters" plaintiff sought representation for.

ECF No. 29 at 5-6.

In the third amended complaint, plaintiff claims again that he was harmed by (1) his inability to contact his family by phone through the Solano County Jail's phone system; and (2) his inability to send his family international mail.  Plaintiff further alleges that because of the above deficiencies, he was unable to contact his family and thereby unable to secure funds to hire an attorney to represent him at trial in his Solano County criminal case.  Plaintiff cannot state a claim for access to the courts on these facts.  Plaintiff's original criminal case is not a direct criminal appeal, habeas petition, or civil rights action, and the right to access to the courts does not extend to the ability to effectively litigate a case once it is filed.  See Lewis, 518 U.S. at 354-55; Glass v. CDCR, No. 1:15-CV-00988-LJO, 2015 WL 4873124, at *4, 2015 U.S. Dist. LEXIS 106882, at *9-10 (E.D. Cal. Aug. 12, 2015).

Although plaintiff makes a general allegation that his inability to contact his family "has hindered his effort to pursue non-frivolous claims concerning his conviction and/or conditions of confinement," plaintiff has not identified any non-frivolous direct criminal appeal, habeas corpus proceeding, or other civil rights action challenging the conditions of confinement in which he was harmed or prevented from initiating.  Nor has plaintiff alleged that he missed a filing deadline or was unable to present a *specific* non-frivolous claim as a result of the alleged deprivations.  With respect to his allegations that he was unable to hire an attorney, plaintiff has failed to identify which cases (except the original criminal case) plaintiff sought representation for.

The third amended complaint fails to cure the defects identified in the court's September 30, 2015 screening order (ECF No. 29).  The court will provide plaintiff one final opportunity to amend this cause of action.  In amending, he must identify an actual injury caused by the deficiencies in the phone and mail systems at Solano County Jail.  Plaintiff must identify the

1    particular direct criminal appeal, or habeas corpus proceeding, or other civil rights action

2    challenging the conditions of confinement, in which he was harmed.  In addition, plaintiff should

3    explain how he was injured.  For example, if the problem was that plaintiff missed a filing

4    deadline or was prevented from even initiating a legal action, he should explain as much.  With

5    respect to his allegations that he was unable to hire an attorney, plaintiff must explain which

6    matters (i.e., a direct criminal appeal, habeas corpus proceeding, or other civil rights action

7    challenging the conditions of confinement) plaintiff sought representation for.

8            IV.    First Amendment

9            Plaintiff alleges that his First Amendment rights to freedom of speech were violated when

10   he was unable to contact his family in Belize by phone or mail at the Solano County Jail.  The

11   court informed plaintiff in its prior screening order that his allegations did not state a cognizable

12   First Amendment claim.  See ECF No. 29 at 6-7.  Unfortunately, the second amended complaint

13   contains no new allegations that cure the deficiencies noted in the court's prior screening order.

14           The court will provide plaintiff one final opportunity to amend this cause of action.  In

15   amending, he must allege facts to demonstrate that he was denied telephone access and/or access

16   to correspondence by mail and that any denial of such access was not related to any penological

17   or administrative interests of the jail.  See Turner v. Safley, 482 U.S. 78, 89-91 (1987); Valdez v.

18   Rosenbaum, 302 F.3d at 1039, 1048-49 (9th Cir. 2002); see also Johnson v. California, 543 U.S.

19   499, 510 (2005) (noting that prison regulations that restrict a prisoner's First Amendment rights

20   are not unconstitutional if they are reasonably related to legitimate penological interests).

21           V.     Due Process

22           Plaintiff claims that his due process rights were violated when he was unable to contact

23   his family in Belize by phone or mail at the Solano County Jail.  The court informed plaintiff in

24   its prior screening order that his allegations did not state a cognizable due process claim.  See

25   ECF No. 29 at 7-8.  In his third amended complaint, plaintiff adds a new allegation that the

26   "phones will not make international calls at my own expense."  ECF No. 30 at 5.  Even assuming

27   that plaintiff was denied the right to make international phone calls at his own expense, plaintiff

28   was not deprived of all telephone access, but was permitted to make collect-only phone calls.  See

6

1    ECF No. 29 at 8.  Therefore, plaintiff was not held "incommunicado" in violation of his

2    constitutional rights.  Cf. Carlo v. City of Chino, 105 F.3d 493, 496 (9th Cir. 1997) ("While the

3    right to use a telephone may not per se rise to the level of a liberty interest protected by the

4    procedural mandate of the Fourteenth Amendment, the right of an arrestee not to be held

5    incommunicado involves a substantial liberty interest.").

6         Furthermore, plaintiff's allegation that the phone or mail system interfered with his

7    communications with his family does not, without more, state a cognizable claim under the due

8    process clause.  "Certain restrictions on telephone access, including collect-call-only telephone

9    systems, can amount to a denial of an inmate's rights under the due process clause of the

10   Fourteenth Amendment, but only if they interfere with an inmate's access to the courts."  Clark v.

11   Plummer, No. C 95-0046 CAL, 1995 WL 317015, at *1, 1995 U.S. Dist. LEXIS 7048, at *3

12   (N.D. Cal. May 18, 1995) (citing Tuggle v. Barksdale, 641 F. Supp. 34, 37 (W.D. Tenn. 1985); In

13   re Grimes, 208 Cal. App. 3d 1175, 1182-83 (1989)); see also Wilkins v. Alameda Cnty., No. C

14   14-2516 LHK (PR), 2014 WL 5035445, at *2, 2014 U.S. Dist. LEXIS 142840, at *4 (N.D. Cal.

15   Oct. 7, 2014) (a right to telephone calls may arise from the right of access to the courts under the

16   Fourteenth Amendment).  As noted above in Section III, plaintiff's allegations fail to state a

17   cognizable claim that the phone or mail system at the Solano County Jail denied him access to the

18   courts.  Thus, plaintiff allegations in his third amended complaint are not cognizable under the

19   due process clause.

20        The court will provide plaintiff one final opportunity to amend this cause of action.  In

21   amending, he must allege facts to demonstrate that restrictions on phone or mail access interfered

22   with his access to the courts.

23        VI.    Equal Protection

24        To the extent plaintiff alleges that the deficiencies in the Solano County Jail phone and

25   mail systems violated his equal protection rights, he does not allege that he has been treated

26   differently from a similarly situated class.  The Fourteenth Amendment's Equal Protection Clause

27   "is essentially a direction that all persons similarly situated should be treated alike."  City of

28   Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985); see also Hartmann v. California

7

1  Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013).  To bring a successful equal

2  protection claim, a plaintiff must show differential treatment from a similarly situated class.  See

3  Washington v. Davis, 426 U.S. 229, 239 (1976).  For this differential treatment to give rise to a

4  claim under 42 U.S.C. § 1983, "one must show intentional or purposeful discrimination."  Draper

5  v. Rhay, 315 F.2d 193, 198 (9th Cir. 1963) (inmate failed to show § 1983 violation in absence of

6  "intentional or purposeful discrimination").

7        VII.    Prison Grievance Procedure

8        Plaintiff included a prison grievance claim in his second amended complaint, but did not

9  include the claim in the third amended complaint.  Therefore, this claim is deemed abandoned,

10  and plaintiff may not include the claim in any amended complaint he chooses to file.  See Forsyth

11  v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the

12  original, the latter being treated thereafter as non-existent.").

13        VIII.    Leave to Amend

14        The court will provide plaintiff with one **FINAL** opportunity to file an amended

15  complaint, if he believes in good faith he can cure the deficiencies identified above.  Lopez v.

16  Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.

17  1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his

18  amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

19  complaints).  Plaintiff is further cautioned that he may not include any claims that have been

20  abandoned.

21        If plaintiff chooses to amend the complaint, he must demonstrate how the conditions

22  complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625

23  F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named

24  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

25  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

26  v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

27  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of

28  ////

1  official participation in civil rights violations are not sufficient.  See <u>Ivey v. Bd. of Regents</u>, 673

2  F.2d 266, 268 (9th Cir. 1982).

3       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

4  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

5  complaint be complete in itself without reference to any prior pleading.  This is because, as a

6  general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375

7  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

8  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

9  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

10       Accordingly, IT IS HEREBY ORDERED that:

11  1.  The third amended complaint (ECF No. 30) is dismissed for the reasons discussed above,

12      with leave to file an amended complaint within twenty-eight days from the date of service

13      of this order; and

14  2.  Failure to file an amended complaint will result in a recommendation that the action be

15      dismissed.

16  DATED: March 22, 2017

17

18  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

9